IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JAMES RAY MILLER,** <br> 1200 S. Main Street <br> Bellefontaine, Ohio 43311 | : <br> : <br> : <br> : | |
| Plaintiff, <br> v. | : <br> : <br> : | CIVIL ACTION NO. |
| **THE CITY OF SPRINGFIELD POLICE DIVISION ("SPD")** <br> 130 N. Fountain Avenue <br> Springfield, Ohio 45502 | : <br> : <br> : <br> : | JUDGE |
| and | : <br> : | MAGISTRATE JUDGE |
| **LUKE A. SCHWARZ,** <br> IN BOTH HIS INDIVIDUAL CAPACITY AND <br> HIS OFFICIAL CAPACITY AS <br> SPD POLICE OFFICER, <br> 130 N. Fountain Avenue <br> Springfield, Ohio 45502, | : <br> : <br> : <br> : <br> : <br> : | |
| and | : <br> : | COMPLAINT |
| **TYLER S. MCCARTY,** <br> IN BOTH HIS INDIVIDUAL CAPACITY AND <br> HIS OFFICIAL CAPACITY AS <br> SPD POLICE OFFICER, <br> 130 N. Fountain Avenue <br> Springfield, Ohio 45502, | : <br> : <br> : <br> : <br> : <br> : | |
| and | : <br> : | |
| **CODY J. MCFALL,** <br> IN BOTH HIS INDIVIDUAL CAPACITY AND <br> HIS OFFICIAL CAPACITY AS <br> SPD POLICE OFFICER, <br> 130 N. Fountain Avenue <br> Springfield, Ohio 45502, | : <br> : <br> : <br> : <br> : <br> : | |
| and | : <br> : | |

1

**WAYNE DILLAHUNT,** :
IN BOTH HIS INDIVIDUAL CAPACITY AND :
HIS OFFICIAL CAPACITY AS :
SPD POLICE OFFICER, :
130 N. Fountain Avenue :
Springfield, Ohio 45502, :
: 
      and :
: 
**JOHN DOE(S),** :
IN BOTH HIS INDIVIDUAL CAPACITY AND :
HIS OFFICIAL CAPACITY AS :
SPD POLICE OFFICER, :
130 N. Fountain Avenue :
Springfield, Ohio 45502, :
: 
      and :
: 
**THE SPRINGFIELD REGIONAL** :
**MEDICAL CENTER,** :
100 Medical center Drive, :
Springfield, Ohio 45502, :
: 
      and :
: 
**DAVIN CRAYCRAFT,** :
IN BOTH HIS INDIVIDUAL CAPACITY AND :
HIS OFFICIAL CAPACITY AS :
SECURITY GUARD, :
Springfield Regional Medical Center, :
100 Medical Center Drive :
Springfield, Ohio 45502, :
: 
      and :
: 
**MICHELLE PAMER,** :
IN BOTH HER INDIVIDUAL CAPACITY AND :
HER OFFICIAL CAPACITY AS :
SECURITY GUARD, :
Springfield Regional Medical Center, :
100 Medical Center Drive :
Springfield, Ohio 45502, :
: 
      and :
: 
: 

2

**JOSH WILLIAMS**, :
IN BOTH HIS INDIVIDUAL CAPACITY AND :
HIS OFFICIAL CAPACITY AS :
SECURITY GUARD, :
Springfield Regional Medical Center, :
100 Medical Center Drive :
Springfield, Ohio 45502, :
 :
   and :
 :
**ROBERTA-LIN M. OWENS**, :
IN BOTH HER INDIVIDUAL CAPACITY AND :
HER OFFICIAL CAPACITY AS :
AN EMPLOYEE, :
Springfield Regional Medical Center, :
100 Medical Center Drive :
Springfield, Ohio 45502, :
 :
   and :
 :
**BRANDON KELSEY**, :
IN BOTH HIS INDIVIDUAL CAPACITY AND :
HIS OFFICIAL CAPACITY AS :
AN EMPLOYEE, :
Springfield Regional Medical Center, :
100 Medical Center Drive :
Springfield, Ohio 45502, :
 :
   and :
 :
**JOHN OR JANE DOE(S)**, :
IN BOTH HIS OR HER INDIVIDUAL CAPACITY :
AND HIS OR HER OFFICIAL CAPACITY AS :
AN EMPLOYEE, :
Springfield Regional Medical Center, :
100 Medical Center Drive :
Springfield, Ohio 45502, :
 :
     Defendants. :  **JURY DEMAND ENDORSED HEREON**
 :
 :
 :
 :
 :

### I. Preliminary Statement

1.     This case arises from the deliberate indifference and gross negligence of the City of Springfield, Ohio Division of Police ("SPD"), policymakers, administrators, and police officers, the Springfield Regional Medical Center ("SRMC"), and SRMC Guard(s), and SRMC Employees acting in concert with SPD as state actors under the color of law, which wrongfully caused James Ray Miller to suffer physical injury and pain, mental anguish, emotional distress, embarrassment, frustration, fear, anxiety, financial loss, and deprivation of his liberty, when he was wrongfully seized without probable cause, tased, slammed to the floor with excessive force, injured, and arrested as he was lawfully attempting to exit the Springfield Regional Medical Center where he had been discharged as a patient, to make a cellular phone call for transportation after being advised he was free to leave, thereby violating his Constitutional rights under the Fourth, Eighth, and Fourteenth Amendments, and violating the State of Ohio common law.

### II. Jurisdiction and Venue

2.     Jurisdiction over claims brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983, is conferred on this Court by 28 U.S.C. §§1331, 1343(3) and (4), and jurisdiction over the state law claim is conferred by 28 U.S.C. §1367.

3.     Declaratory, injunctive, and equitable relief and compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1983; the common law of the State of Ohio; and 28 U.S.C. § 2201; 2202.

4.     Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. §1988, the common law of the State of Ohio, and Fed.R.Civ.P. 54.

4

5. Venue is proper in this division pursuant to 28 U.S.C. §1391(b) and S.D. Ohio Civ.R. 82.1(b) because the Defendants are located in Clark County Ohio where the events giving rise to this action occurred.

### III. Parties

6. Plaintiff James Ray Miller ("Plaintiff" or "Mr. Miller") is a 51-year old resident of Logan County, a veteran of the United States Marine Corps., and is a commercial truck driver by occupation.

7. Defendant City of Springfield is a political subdivision of the State of Ohio pursuant to Chapter 2744, Ohio Revised Code; employs, at its Division of Police, officers who at all times relevant to this action were "persons" under 42 U.S.C. §1983, and who acted under the color of law in their official capacity to deprive Plaintiff of his Constitutional rights under the Fourth, Eighth, and Fourteenth Amendments, and to violate the State of Ohio common law.

8. Defendant Luke A. Schwarz, ("Defendant" or "Officer Schwarz") a police officer with the City of Springfield, Ohio Police Division, is a "person" under 42 U.S.C. §1983; at all times relevant to this action acted under the color of law; and is being sued in his official capacity and, due to his role in the gross negligence of failing to ascertain that Plaintiff Miller was discharged from the Springfield Regional Medical Center and free to leave, and tasing, tackling, and injuring him, in his individual capacity.

9. Defendant Tyler S. McCarty, ("Defendant" or "Officer McCarty") a police officer with the City of Springfield, Ohio Police Division, is a "person" under 42 U.S.C. §1983; at all times relevant to this action acted under the color of law; and is being sued in his official capacity and, due to his role in the gross negligence of failing to ascertain that Plaintiff Miller

was discharged from the Springfield Regional Medical Center and free to leave, and tasing, tackling, injuring him, in his individual capacity.

10. Defendant Cody J McFall, ("Defendant" or "Officer McFall") a police officer with the City of Springfield, Ohio Police Division, is a "person" under 42 U.S.C. §1983; at all times relevant to this action acted under the color of law; and is being sued in his official capacity and, due to his role in the gross negligence of failing to ascertain that Plaintiff Miller was discharged from the Springfield Regional Medical Center and free to leave, and tasing, tackling, and injuring him, in his individual capacity.

11. Defendant Wayne Dillahunt, ("Defendant" or "Officer Dillahunt") a police officer with the City of Springfield, Ohio Police Division, is a "person" under 42 U.S.C. §1983; at all times relevant to this action acted under the color of state law; and is being sued in his official capacity and, due to his role in the gross negligence of failing to ascertain that Plaintiff Miller was discharged from the Springfield Regional Medical Center and free to leave, and tasing, tackling, and injuring him, in his individual capacity.

12. Defendant John Doe, ("Defendant" or "Officer Doe") a police officer with the City of Springfield, Ohio Police Division, is a "person" under 42 U.S.C. §1983; at all times relevant to this action acted under the color of state law; and is being sued in his official capacity and, due to his role in the gross negligence of failing to ascertain that Plaintiff Miller was discharged from the Springfield Regional Medical Center and free to leave, and tasing, tackling, and injuring him, in his individual capacity.

13. Defendant Springfield Regional Medical Center ("Defendant" or "SRMC"), a full-service hospital and medical provider, vicariously liable for the gross negligence of its employees and sub-contractors in failing to ascertain that Plaintiff Miller was discharged from

the Springfield Regional Medical Center and free to leave, and tasing, tackling, and injuring him, in its individual capacity.

14. Defendant Davin E. Craycraft, ("Defendant" or "SG Craycraft") a security guard employed by the Springfield Regional Medical Center, is a "person" under 42 U.S.C. §1983; at all times relevant to this action was a "state actor," acting under the color of law by working in concert and entanglement with the Springfield Division of Police Officers in carrying out their official duties; and is being sued in his official capacity and, due to his role in the gross negligence of failing to ascertain that Plaintiff Miller was discharged from the Springfield Regional Medical Center and free to leave, and tasing tackling, and injuring him, in his individual capacity.

15. Defendant Michelle Pamer, ("Defendant" or "SG Pamer") a security guard employed by the Springfield Regional Medical Center, is a "person" under 42 U.S.C. §1983; at all times relevant to this action was a "state actor," acting under the color of law by working in concert and entanglement with the Springfield Division of Police Officers in carrying out their official duties; and is being sued in her official capacity and, due to her role in the gross negligence of failing to ascertain that Plaintiff Miller was discharged from the Springfield Regional Medical Center and free to leave, and tasing tackling, and injuring him, in her individual capacity.

16. Defendant Josh Williams, ("Defendant" or "SG Williams") a security guard employed by the Springfield Regional Medical Center, is a "person" under 42 U.S.C. §1983; at all times relevant to this action was a "state actor," acting under the color of law by working in concert and entanglement with the Springfield Division of Police Officers in carrying out their official duties; and is being sued in his official capacity and, due to his role in the gross

negligence of failing to ascertain that Plaintiff Miller was discharged from the Springfield Regional Medical Center and free to leave, and tasing tackling, and injuring him, in his individual capacity.

17. Defendant Roberta-Lin M. Owens, ("Defendant" or "RN Owens") a registered nurse employed by the Springfield Regional Medical Center, is a "person" under 42 U.S.C. §1983; at all times relevant to this action was a "state actor," acting under the color of law by working in concert and entanglement with the Springfield Division of Police Officers in carrying out their official duties; and is being sued in her official capacity and, due to her role in the gross negligence of failing to ascertain that Plaintiff Miller was discharged from the Springfield Regional Medical Center and free to leave, and tasing tackling, and injuring him, in her individual capacity.

18. Defendant Brandon Kelsey, ("Defendant" or "Tech Kelsey") a technician employed by the Springfield Regional Medical Center, is a "person" under 42 U.S.C. §1983; at all times relevant to this action was a "state actor," acting under the color of law by working in concert and entanglement with the Springfield Division of Police Officers in carrying out their official duties; and is being sued in his official capacity and, due to his role in the gross negligence of failing to ascertain that Plaintiff Miller was discharged from the Springfield Regional Medical Center and free to leave, and tasing tackling, and injuring him, in his individual capacity.

19. Defendant John or Jane Doe(s), ("Defendant" or "SG Employee") is or was employed by the Springfield Regional Medical Center and is being sued in his or her official capacity, due to his or her role in the gross negligence and breach of duty by allowing SPD Officers and SRMC Security Guards to fail to ascertain that Plaintiff Miller was discharged from

8

the Springfield Regional Medical Center and free to leave, and tasing, tackling, and injuring him, in his or her individual capacity.

IV. **Facts**

20. On May 8, 2017, Plaintiff Miller was in and around the Springfield, Ohio due to having undergone emergency eye surgery for a torn retina at the Dayton VA Medicl Center.

21. On May 12, 2017, he accompanied a friend to a grocery store in Springfield, Ohio to purchase hamburger buns for a cook-out that would be hosted by AMVETS for patients at the VA Medical Center the following day.

22. Plaintiff Miller rode with his friend to AMVETS facility, where they had several drinks, and he received a ride back to his truck at the Love's Travel Stop in Springfield, Ohio.

23. Upon arrival at Love's Travel Stop, Plaintiff Miller stopped to use the restroom, which is the last thing he remembers until he woke up at the SRMC.

24. According to Defendant Police Officers, Plaintiff was found unconscious and unresponsive on the bathroom floor and was transported to the SRMC Emergency Room.

25. Defendants allege that Plaintiff was "pink slipped" because he was incapacitated, had no one available to care for him, and it was determined that he could not care for himself.

26. When Plaintiff Miller awoke at SRMC, he politely declined treatment, as he simply wanted to return to his truck.

27. The hospital staff and treating physician advised Mr. Miller that he was free to leave the hospital but did not want him to walk back to his truck and Mr. Miller agreed he should not walk, especially as he had approximately $500.00 in cash on his person.

28. Mr. Miller needed to arrange for transportation by either calling a taxi or the friend he had accompanied to the AMVETS facility, but needed to use his cell phone to do so.

29. Mr. Miller could not get a cell phone signal in the hospital and advised employees on the hospital staff that he was going outside to obtain a signal and call for transportation and was, again, cautioned against walking back to his truck and, again, agreed that he wouldn't.

30. No one on the hospital staff told Mr. Miller that he could not leave or go outside and he assured them repeatedly that he had no intention of walking, but he needed to be able to get a signal to use his cell phone and call for transportation.

31. As Plaintiff was trying to go outside, SRMC Security Guards barred him from the exitin, Plaintiff again asked the hospital staff if he was free to leave the hospital, was told he could but that he should not walk back to his truck, and, again, he assured them that he had no intention of doing so.

32. Plaintiff turned back to the SRMC Security Guards, advised them that he was free to leave, was going outside to call a taxi, offered to allow them to inspect his cell phone, and began walking past the SRMC Security Guards towards the exit.

33. Defendant SRMC Security Guards called Defendant Officer Schwarz, who was at the hospital for an unrelated possible drug overdose, to assist.

34. Suddenly, and without provocation, Defendant SPD Officers and SRMC Security Guards tackled him, slammed his head to an uncarpeted floor, placed handcuffs on one wrist, and were on top of him pinning him down.

35. As Plaintiff was surrounded by at least a half dozen armed officers and security guards with someone on top of him pinning him down, a SPD Officer held Plaintiff's other arm up and advised he would be tased if Plaintif did not put it behind his back.

36. Plaintiff responded that police had control of his arm and could therefore place it wherever they wanted it to be.

37. Suddenly and without provocation or probable cause, Defendants used a taser on the left side of Plaintiff's lower back, presumably because they "feared for their lives" as Plaintiff was openly carrying a lethal $30 Walmart smart phone and wearing deadly flip-flps but was otherwise unarmed.

38. At no time did Plaintiff resist the unlawful arrest despite the fact that it would have been fully within his right to do so.

39. Plaintiff Miller was injured with a laceration above his left eye, bruising, a black eye, and suffered the effects from the taser such as burns and temporary memory loss.

40. The hospital attempted to treat Plaintiff against his will and he declined.

41. Plaintiff Miller was arrested, transported to jail, and charged with Assault, Resisting Arrest, with the charge of Obstruction of Official Business being added after the jail staff threatened Plaintiff with physical harm because he refused to provide a DNA sample.

42. Defendant SRMC hospital videos show that Plaintiff was not resisting arrest, it was he who was assaulted, and medical providers with a duty to care for him were grossly negligent in not intervening in his assault when they knew and advised him he was free to leave the hospital.

43. Defendant SRMC Security Guards and Employees acted under the color of law when they worked in tandem with SPD officers to unlawfully seize, restrain, injure, and deprive Plaintiff of his constitutional rights.

44. Defendant SPD Officers used excessive force when they unlawfully tackled Plaintiff as he attempted to leave the hospital to make a phone call after being discharged, slammed his head to an uncarpeted floor, further restrained him by pinning him down, and tased him for no reason, as he posed no threat, and there was no probable cause for his arrest.

45. Plaintiff was arraigned on May 15, 2017, a $6,000 Surety Bond was required, the bond was subsequently paid, and he was released from custody.

46. Plaintiff pled "Not Guilty" to all charges and all charges against him were dismissed on or about September 12, 2017.

47. Defendants actually and proximately caused Plaintiff to suffer physical injuries, pain, emotional distress, embarrassment, frustration, financial loss, deprivation of his liberty, and fear, anxiety, and mental anguish that continues to persist.

## V. Claims for Relief

### A. First Cause of Action: Deprivation of Right to Due Process under the Fourteenth Amendment.

48. Paragraphs 1 through 42 above are realleged and incorporated herein.

49. Defendants violated Plaintiff's Fourteenth Amendment right to Due Process by depriving him of his constitutional rights under the Fourth and Eighth Amendment.

### B. Second Cause of Action: Deprivation of Constitutional Right to be free from Unlawful Search and Seizure Under the Fourth Amendment.

50. Paragraphs 1 through 42 above are realleged and incorporated herein.

51. Defendants violated Plaintiff's Fourth Amendment right by unlawfully seizing him and depriving him of liberty when Defendants tackled, restrained, arrested, and incarcerated him.

### C. Third Cause of Action: Deprivation of Constitutional Right to be free from Excessive Punishment Under the Eighth Amendment.

52. Paragraphs 1 through 42 above are realleged and incorporated herein.

53. Defendants violated Plaintiff's Eighth Amendment rights when they used excessive force to tackle, restrain, and taser him without probable cause, as he posed no threat.

### D. Fourth Cause of Action: Gross Negligence.

49. Paragraphs 1 through 42 above are realleged and incorporated herein.

50. The Defendants sued in their individual capacities are liable to Plaintiff Miller under Ohio law for their willful, wanton and reckless acts/omissions, when Defendant SPD officers wrongfully seized, tased, slammed to the floor with excessive force, injured, and arrested Plaintiff, assisted by Defendant SMRC Security Guards, and Defendant SRMC and its employees breached the duty of care under Ohio law by failing to intervene after discharging Plaintiff and advising him he was free to leave.

## VI. Prayer for Relief

WHEREFORE, Plaintiff prays that this Court:

a. declare that Defendants jointly and severally have violated Plaintiff Miller's civil rights, inflicting on him physical pain, mental anguish, emotional distress, embarrassment. frustration, fear, anxiety, financial loss, and loss of liberty, and Defendant Police Officers, acting within the scope of their duties as employees of Defendant Springfield, Ohio Division of Police, have acted in a grossly negligent way that caused such injuries;

b. order such equitable relief as will make Plaintiff whole for Defendants' unlawful conduct; pre- and post-judgment interest; costs; and reasonable attorneys' fees;

c. enjoin Defendant Springfield, Ohio Division of Police from operating without adequate training and/or supervision of police officers in responding to calls for assistance at facilities providing in-patient and out-patient medical;

d. award to Plaintiff compensatory damages in excess of $25,000, and punitive damages in excess of $25,000; and

e. grant such other relief as the Court may deem appropriate.

Respectfully submitted,

By *James R. Miller*
James Ray Miller
Pro Se Litigant

## JURY DEMAND

Plaintiff demands a trial by jury on all issues and defenses triable to a jury.

By *James R. Miller*
James Ray Miller
Pro Se Litigant