UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES RAY MILLER,

    Plaintiff,

vs.

THE CITY OF SPRINGFIELD
POLICE DIVISION, *et al.*,

    Defendants.

Case No. 3:19-cv-145

Magistrate Judge Michael J. Newman
(Consent Case)

---

**ORDER: (1) EXTENDING THE DEADLINE BY WHICH *PRO SE* PLAINTIFF MUST COMPLETE SERVICE OF PROCESS; (2) ORDERING THAT PLAINTIFF COMPLETE SERVICE OF PROCESS ON DEFENDANTS SCHWARZ AND MCCARTY WITHIN 30 DAYS FROM THE ENTRY OF THIS ORDER; AND (3) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS FOR FAILURE OF SERVICE OF PROCESS (DOC. 22)**

---

This civil case is before the Court on the motion to dismiss filed by Defendants Luke Schwarz and Tyler McCarty. Doc. 22. These moving Defendants seek to dismiss the complaint against them for failure to service of process pursuant to Fed. R. Civ. P. 4(m), which requires that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). *Pro se* Plaintiff filed a memorandum in opposition to Defendants' motion. Doc. 22.

Plaintiff filed his *pro se* complaint in this case on May 14, 2019. Doc. 1. Pursuant to Rule 4(m), the time by which Plaintiff was to complete service of process expired on August 12, 2019.

On July 1, 2019, waivers of service were returned executed by Defendants Cody McFall and the City of Springfield Police Division. Docs. 7, 8. Without dispute, no waivers were returned

with regard to moving Defendants Schwarz and McCarty. Absent the return of executed waivers of service by these Defendants, *pro se* Plaintiff was required to otherwise serve them pursuant to Rule 4 and, specifically, Rule 4(e), which governs service of process on individuals within a judicial district of the United States. *Cf. O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003).[1] The Court's docket does not reveal any proof of service with regard to the moving Defendants.

Although the moving Defendants have appeared in this case and filed an answer to the complaint, they have preserved their affirmative defenses regarding service. *See* doc. 10 at PageID 37. Thus, it appearing that Defendants Schwarz and McCarty have not been served, the complaint against them may be subject to dismissal under Rule 4(m).

Nevertheless, rather than dismiss the complaint against the moving Defendants at this time, the undersigned, in the interest of justice, exercises the Court's discretion[2] by extending the deadline for service of process, and **ORDERING** that Plaintiff serve Defendants Schwarz and McCarty within 30 days from the entry of this Order.

---

[1] *Pro se* Plaintiff mailed waiver of service requests in one packet to all Defendants at the City of Springfield Police Division by letter dated May 15, 2019. *See* doc. 22-1. Defendants suggest that these waiver requests were not proper as to Defendants Schwarz and McCarty because neither of them was employed by the Springfield Police at that time. *See* docs. 22-2, 22-3. *Pro se* Plaintiff appears to contend that these waiver requests were sufficiently delivered, but even if they were, properly making a request for the wavier of service does not satisfy Plaintiff's duty to serve these Defendants under Rule 4 unless the waivers are executed and returned. *See O.J. Distrib., Inc.*, 340 F.3d at 354. Defendants are under no obligation to waive service of process, although failing to waive service in the absence of good cause may subject them to the imposition of costs and fees associated with making service. *See* Fed. R. Civ. P. 4(d)(2).

[2] "Even in the absence of good cause, the Court maintains discretion to grant an extension of time to effectuate service of process." *Howard v. Montgomery Cnty. Jail*, No. 3:16-CV-517, 2018 WL 3020216, at *4 (S.D. Ohio June 18, 2018), *report and recommendation adopted*, No. 3:16-CV-517, 2018 WL 3832946 (S.D. Ohio Aug. 13, 2018) (citing Fed. R. Civ. P. 4(m); *Wise v. Dep't of Def.*, 196 F.R.D. 52, 56 (S.D. Ohio 1999); *Freeman v. Collins*, No. 2:08-CV-71, 2011 WL 4914837, at *4 (S.D. Ohio Oct. 17, 2011)).

Plaintiff is **NOTIFIED** that his failure to complete service of process on these Defendants within 30 days may result in the dismissal of his complaint against them for failure of service of process under Rule 4(m).

Based on the foregoing, the undersigned **DENIES** Defendants' motion to dismiss (doc. 22) **WITHOUT PREJUDICE** to refile should Plaintiff fail to serve them by the date ordered herein.

**IT IS SO ORDERED.**

Date:  November 14, 2019                                  s/ Michael J. Newman
                                                                          Michael J. Newman
                                                                          United States Magistrate Judge