UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES RAY MILLER, | : | Case No. 3:19-cv-145 |
| Plaintiff, | : | |
| vs. | : | Judge Michael J. Newman |
| | : | Magistrate Judge Sharon L. Ovington |
| CITY OF SPRINGFIELD POLICE DIV., *et al.*, | : | |
| Defendants. | : | |

## DECISION & ORDER

This matter is before the Court on Plaintiff James Ray Miller's Motion for Sanctions [ ] for Spoliation of Evidence (Doc. #49), as to which Defendants Community Mercy Health Partners, DBA Mercy Health Springfield Medical Center; Davin Craycraft; Michelle Pamer; Josh Williams; Roberta-Lin M. Owens; and Brandon Kelsey ("the SRMC Defendants")[1] have filed a joint Memorandum in Opposition (Doc. #50), and Plaintiff has filed a Reply. (Doc. #53).

Also before the Court is Plaintiff's Motion for Leave to File Instanter [a] Combined Motion to Strike Defendant SRMC's Memorandum in Opposition to

---

[1] These Defendants assert that the "Springfield Regional Medical Center" named as a Defendant in Plaintiff's complaint (Doc. #1, p. 1) properly is denominated "Community Mercy Health Partners, DBA Mercy Health Springfield Medical Center." (*See* Doc. #50, p. 1). For the sake of simplicity, however, the Court in this decision will use the "SRMC" acronym to refer to that Defendant and its employees.

1

Plaintiff's Motion for Spoliation of Evidence[,] and Motion for Leave to Amend Complaint. (Doc. #57), to which the SRMC Defendants also have filed a Memorandum in Opposition. (Doc. #58).

For the reasons that follow, Plaintiff's Motion for Sanctions for Spoliation of Evidence (Doc. #49) is DENIED, and his Motion for Leave to File Combined Motion to Strike/for Leave to Amend Complaint (Doc. #57) is GRANTED in limited part and otherwise DENIED.

**Factual & Procedural Background/The Parties' Claims**

On May 14, 2019, Plaintiff Miller filed a *pro se* complaint in this Court against the City of Springfield Police Division; four named Springfield police officers and other John Doe officers; and the Springfield Regional Medical Center ("SRMC"), together with five named SRMC employees and other Jane/John Doe SRMC employees (collectively, "the SRMC Defendants"). (Doc. #1). Plaintiff alleges that on or about May 12, 2017, after being transported to SRMC while unconscious and then declining treatment, he was tackled, handcuffed, and tased by Springfield police officers with the assistance of SRMC security guards when he attempted to exit the hospital to place a cell phone call. (*Id.*). Asserting claims under 42 U.S.C. § 1983 for violations of his Constitutional rights under the Fourth, Eighth and Fourteenth Amendments and a claim of gross negligence under Ohio

law, Plaintiff seeks an award of compensatory and punitive damages, as well as injunctive and other equitable relief. (Doc. #1, p. 13).

Following discovery and other pretrial proceedings, Plaintiff filed the two motions now before this Court. (Docs. #49, 57). In the first, he asks that the SMRC Defendants be sanctioned for failing to preserve video footage of the subject incident, which footage he asserts would have supported his claims herein. (Doc. #49). In the second, he requests permission to file an "enlarged" response to the SMRC Defendants' opposition to his motion for sanctions based on spoliation of evidence. (Doc. #57). More specifically, he suggests that he wishes to file a motion to strike the SMRC Defendants' opposing memorandum regarding sanctions as well as a motion for leave to amend his complaint (*see id.*), but he has not presented copies of either proposed motion.

## Analysis

*a. Motion for Leave to File Combined Motion to Strike/to Amend Complaint*

Because Plaintiff's motion for leave to file an additional motion potentially could affect the materials this Court will consider for purposes of Plaintiff's Motion for Sanctions, the Court first will address the motion for leave. Plaintiff proposes filing a "combined" motion with two components: one, seeking to strike the SRMC Defendants' memorandum opposing Plaintiff's motion for sanctions, and two, seeking leave to amend his complaint. (Doc. #57).

The SRMC Defendants oppose the motion for leave to file a combined motion, arguing that Plaintiff has not complied with applicable local rules, that he appears to seek to file a surreply rather than to strike their memorandum opposing the motion for sanctions, and that he has failed to demonstrate the necessary good cause for filing either a surreply or an amended complaint. (Doc. #58).

### 1) Motion to Strike or to File "Enlarged Response"

Pursuant to Fed. R. Civ. P. 12(f), a party may ask a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "[t]he Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings." *Getachew v. Cent. Ohio Transit Auth.*, No. 2:11-CV-860, 2013 WL 819733, at *2 (S.D. Ohio Mar. 5, 2013), citing Fed. R. Civ. P. 12(f). "Instead, trial courts make use of their inherent power to control their dockets . . . when determining whether to strike [other] documents or portions of documents." *Id.* (citations omitted).

Striking a memorandum or some portion thereof may be warranted in particular circumstances. *See, e.g., Yates v. Applied Performance Techs., Inc.*, 209 F.R.D. 143, 146 (S.D. Ohio 2002) (granting in part motion to strike opposing memorandum, but limited to portion of memorandum referencing deposition testimony "subject to an Agreed Protective Order . . . and . . . designated as

4

confidential"). Regardless of the source of a court's power to strike, "[a] motion to strike is a drastic remedy that should be used sparingly and only when the purposes of justice require." *Johnson v. Cty. of Macomb*, No. 08-10108, 2008 WL 2064968, at *1 (E.D. Mich. May 13, 2008), citing *Driving School Assoc. of Ohio v. Shipley,* 2006 WL 2667017, *1 (N.D. Ohio 2006) and *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953).

Plaintiff has not identified any "redundant, immaterial, impertinent, or scandalous matter" alleged to appear in the SRMC Defendants' opposing memorandum, nor has the Court detected any prohibited or inappropriate content within that document. Accordingly, no basis for striking that opposing memorandum appears, and Plaintiff's motion seeking leave to file a motion to strike that memorandum lacks any discernible basis.

As the SRMC Defendants observe (*see* Doc. #58, p. 2-3), however, the substance of Plaintiff's terse memorandum in support of this motion suggests that his actual aim is not to "strike" Defendants' opposing memorandum, but rather to file an "enlarged response," or surreply, regarding issues raised by his motion for sanctions. (*See* Doc. #57). Again, Plaintiff has not articulated an adequate basis for his request.

S.D. Ohio Civ. R. 7.2(a) limits the responses to any motion to only "Opposing and Reply Memoranda . . . except upon leave of court for good cause

5

shown." Although Plaintiff has sought the Court's leave, he has not set forth "good cause" for filing an additional memorandum regarding his motion for sanctions. Absent some newly-discovered information of relevance, Plaintiff Miller, having already filed a reply to the SRMC's memorandum opposing his motion for sanctions, is not entitled to yet another opportunity to expound on the issues previously addressed.

Additionally, pursuant to S.D. Ohio Civ. R. 7.3(b), a party before this Court must seek the consent of the opposing party before filing any motion of a "type . . . to which other parties might reasonably be expected to give their consent." The SRMC Defendants aver that Plaintiff did <u>not</u> consult them or seek their consent in accordance with S.D. Ohio Civ. R. 7.3(a) prior to filing the present motion for leave (*see* Doc. #58, p. 2), and his motion also does not "affirmatively state that such consultation has occurred or was attempted in good faith," as required by that rule. For that additional reason, Plaintiff's Motion for Leave to File Instanter [a] Combined Motion will be denied as to his request to file another motion relative to his motion for sanctions, regardless of whether that motion is one to strike the SRMC Defendants' memorandum in opposition to his motion for sanctions, or alternatively, to file an "enlarged response" with respect to that motion.

**2) Motion for Leave to Amend Complaint**

6

Plaintiff's motion for leave indicates that the second aspect of the "combined motion" he proposes to file would be directed toward obtaining leave to amend his complaint. (Doc. #57). Beyond intimating such, however, Plaintiff offers no details about the nature of any proposed amendments.

Once an answer has been filed, Fed. R. Civ. P. 15(a)(2) requires a party to obtain the opposing party's consent or the court's leave in order to amend a complaint. That Rule further provides that leave should be "freely give[n] . . . when justice so requires." *Id.* Still, in order to comply with Fed. R. Civ. P. 7(b)'s "particularity" requirement, "'a complete copy of the proposed amended complaint must accompany the motion [for leave to amend] so that both the Court and opposing parties can understand the exact changes sought.'" *Williams v. Zumbiel Box & Packaging Co.,* No. 04-CV-675, 2005 WL 8161971, at *1 (S.D. Ohio Feb. 3, 2005), quoting *Smith v. Planas,* 151 F.R.D. 547, 550 (S.D.N.Y. 1993). Furthermore, S.D. Ohio Civ. R. 7.3(b) makes explicit that its requirement of consultation with the opposing party regarding consent to a motion applies to "a motion to amend pleadings."

As noted *supra*, Plaintiff's motion for leave does not affirmatively state that he consulted or attempted to consult Defendants before filing that motion, and the SRMC Defendants deny that any such consultation with them occurred. (*See* Doc.

7

#58, p. 2). Plaintiff's failure to comply with S.D. Ohio Civ. R. 7.3(b) alone is enough to warrant denying his motion seeking leave to amend his complaint.

Plaintiff's omission in that regard is compounded by his failure to include with his motion a copy of the proposed amended complaint, depriving both the Court and the SRMC Defendants of any opportunity to assess the potential impact of the proposed changes on this litigation. *See. Zumbiel Box & Packaging Co.* at *1. That deficiency, too, constitutes sufficient reason to deny his request.

The SRMC Defendants further argue that Plaintiff should not be permitted to now amend his complaint because he has not shown good cause for seeking to do so only after the established deadline for motions to amend the pleadings had passed. (Doc. #58, pp. 3-4); (*see also* Doc. #30, Amending Pretrial Order extending deadline for "Motions to amend the pleadings" to May 1, 2020). "Ordinarily, delay alone[ ] does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002), citing *Sec. Ins. Co. v. Kevin Tucker & Assocs., Inc.,* 64 F.3d 1001, 1009 (6th Cir.1995); *Tefft v. Seward,* 689 F.2d 637, 639 n. 2 (6th Cir.1982). "At some point, however, 'delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party.'" *Id.*, quoting *Adams v. Gould,* 739 F.2d 858, 863 (3d Cir.1984).

The record reflects that Plaintiff filed his original complaint on March 14, 2017 (Doc. #1), and first raised the prospect of amending that complaint by filing the instant motion on April 5, 2021 (Doc. #58), more than four years later. That significant time lapse implicates the possibility of both undue delay and unfair prejudice. *See Morse* at 800. Nevertheless, mindful of Fed. R. Civ. P. 15(a)(2)'s admonition that a court should "freely give leave [to amend] when justice so requires," and given Plaintiff's *pro se* status,[2] this Court is reluctant to wholly preclude Plaintiff from seeking leave to amend his complaint <u>if</u> he is capable of demonstrating that "justice so requires."

Accordingly, Plaintiff's current motion for leave to amend his complaint will be denied without prejudice to refiling, within 30 days of the date of this Decision and Order, a renewed Motion for Leave to Amend Complaint that fully complies with the requirements of S.D. Ohio Civ. R. 7.3, includes a copy of the proposed amended complaint, and states good cause for Plaintiff's failure to seek leave to make the proposed amendments within the extended deadline for filing motions to amend the pleadings. (*See* Doc. #30). Failure to meet those requirements will result in the *pro forma* denial of any motion seeking leave to amend.

    b. *Motion for Sanctions for Spoliation of Evidence*

---

[2] Federal courts generally hold *pro se* litigants "to a less stringent pleading standard than a party with an attorney." *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

In moving for an order sanctioning the SMRC Defendants for spoliation of evidence, Plaintiff contends that he contacted a representative of Community Mercy Health Partners/SRMC in early June of 2017 to request that the video recording of the encounter at issue be preserved until Plaintiff gave notice that such recording "is no longer necessary for me to pursue my legal claims." (Doc. #49, p. 2 and Exhs. A, B, C). According to Plaintiff, the attorney who defended him against criminal charges stemming from that incident acquired a copy of the subject video footage some time prior to September 9, 2017, and the criminal charges against Plaintiff were dismissed based upon that video evidence. (*Id.*, p. 2). However, Plaintiff states that the SMRC Defendants now "have admitted that they no longer possess the [subject] video footage." (*Id.*). Maintaining that the video would disprove Defendants' version of events and bolster his own claims in this civil matter, Plaintiff requests "a hearing on damages" he wishes the Court to impose to sanction the SMRC Defendants for spoliation of evidence. (*Id.*, pp. 2-3).

In response, the SMRC Defendants argue that Plaintiff has failed to establish that they destroyed any evidence not already in his possession. (Doc. #50). First, they suggest that Plaintiff has not shown that any of the individual SMβRC Defendants exercised control over the subject video recording, and that those Defendants – Craycraft, Pamer, Williams, Owens, and Kelsey – thus are not proper parties to his request for sanctions. (*Id.*, pp. 2-3). Second, they observe that

10

Plaintiff admits his defense attorney previously received a copy of video footage from the relevant incident, and that Plaintiff himself "produced a copy of th[at] video during his deposition" in this case. (*Id.*, p. 3, citing Deposition of James Ray Miller ("Miller Depos."), p. 101).[3] Finally, the SMRC Defendants deny that they destroyed any relevant video footage not already in Plaintiff's possession, and express doubt as to whether any additional footage ever existed. (Doc. #50, p. 5 and Exh. A, Affidavit of Douglas E. Adams ("Adams Affid."), ββ 5-9). For those reasons, they ask that Plaintiff's motion for sanctions be denied.

Plaintiff's reply focuses solely on the attached copy of what purports to be a subpoena issued at the behest of his criminal defense attorney,[4] directing a representative of "SMRC" to produce "surveillance footage from May 13, 2017" at "approximately 0240 hours" that depicts Miller and one of the Defendant police officers. (Doc. #53 and Exh. A thereto). Based on that subpoena, Plaintiff asks the Court to deduce either that, contrary to the affidavit produced in conjunction with the SMRC Defendants' opposing memorandum, the prosecutor never subpoenaed the subject video recording from Community Mercy Health Partners/SMRC, or that the prosecutor acquired that recording but "failed to disclose [it as]

---

[3] Although Miller's deposition transcript apparently has not been filed as an independent document on the docket of this case, a copy is attached as an exhibit to the SMRC Defendants' pending motion for summary judgment. (*See* Doc. #47, Exh. A).

[4] Although the unauthenticated copy attached to Plaintiff's reply is not presented in proper evidentiary form, this Court, for purposes of deciding the current motions, accepts the proposition that Plaintiff's defense attorney subpoenaed the subject video footage from SRMC.

11

exculpatory evidence to the defense." (Doc. #53, p. 1). In either instance, Plaintiff suggests that the SMRC Defendants should have produced "an affidavit by the prosecutor" to substantiate their position. (*Id.*).

As recognized by the Sixth Circuit Court of Appeals,

> [a] district court may sanction a litigant for spoliation of evidence if three conditions are met. First, the party with control over the evidence must have had an obligation to preserve it at the time it was destroyed. Second, the accused party must have destroyed the evidence with a culpable state of mind. And third, the destroyed evidence must be relevant to the other side's claim or defense (defining "relevant" as "such that a reasonable trier of fact could find that it would support that claim or defense"). The party seeking the sanction bears the burden of proof in establishing these facts.

*Byrd v. Alpha All. Ins. Corp.,* 518 F. App'x 380, 383-84 (6th Cir. 2013) (internal citations omitted), citing *Beaven v. U.S. Dep't of Justice,* 622 F.3d 540, 553 (6th Cir. 2010).

Applying the foregoing test to the facts of record, the Court concludes that Plaintiff's motion for sanctions against the SRMC Defendants may be denied without the necessity of a hearing. Notably, Plaintiff in his reply did not even respond to the SRMC Defendants' assertion, substantiated by affidavit, that the individual Defendants did not control the security camera's recordings and thus cannot be held responsible for any spoliation of that evidence. (*See* Doc. #50, pp. 2-3 and Exh. A, Adams Affid.). Plaintiff, who bears the burden of proof, has offered nothing to suggest that Defendant Craycraft, Pamer, Williams, Owens, or

Kelsey "controlled" the evidence he claims is missing; indeed, his own filings reinforce the contrary conclusion for which the SRMC Defendants advocate – *i.e.*, that any relevant video recordings fell under the authority and control of higher-ranking Mercy Health officials (*see* Doc. #49, Exh. C), not SMRC's security guards. Plaintiff's motion for an order imposing sanctions for spoliation of evidence against Defendants Craycraft, Pamer, Williams, Owens, and Kelsey therefore will be denied with prejudice.

Likewise, Plaintiff has failed to sustain his burden as to Defendant SMRC, as he has not demonstrated, and presumably cannot demonstrate, that any SMRC representative "destroyed" potentially helpful evidence "with a culpable state of mind." *See Byrd.,* 518 F. App'x at 383-84. In his affidavit attached to the SMRC Defendants' opposing memorandum, SRMC Protective Services Manager Douglas E. Adams attests that "[o]nly one of the security cameras" then in operation in SRMC's Emergency Department "recorded at least a portion of the incident which is at issue in this case." (Doc. #50, Exh. A, Adams Affid., β 5). He states that he "produced [a] copy of all of the available video of the incident on a thumb drive and had it delivered to the Clark County Prosecutor's Office." (Doc. #50, Exh. A, Adams Affid., β 9). Adams further attests that the video recording currently in Plaintiff's possession is, to the best of Adam's knowledge, "the same video that [Adams] produced to the Clark County Prosecutor's Office." (*Id.* β 11). According

to Adams, any other digital recording that may have been created of the incident in question "would have no longer existed at some point between June 2, 2017 and June 14, 2017[,] as it would have already been recorded over" by SRMC's computer system. (*Id.*, ββ 7, 10).

The record contains no cognizable evidence that any additional videorecording relevant to Plaintiff's current case ever existed or was "destroyed." Furthermore, even assuming *arguendo* that some unknown SRMC security camera recording may have captured a different view of the subject incident, Adams's affidavit constitutes unrefuted evidence that any such theoretical recording was not destroyed "with a culpable state of mind," but instead (theoretically) would have been erased automatically as a product of SRMC's routine re-recording practice. Plaintiff has presented no evidence to the contrary.

At best, Plaintiff's reply with regard to his motion for sanctions can be read as an attack on Adams's credibility, premised on the absence of evidence of a prosecutorial subpoena to corroborate Adams's sworn statement about producing the videorecording to the prosecutor's office, and on the unauthenticated photocopy proffered by Plaintiff to show that his defense attorney <u>did</u> subpoena the recording ultimately produced by SRMC. (*See* Doc. #53 and attached Exh. A). Setting aside the evidentiary deficiency of Plaintiff's proffered exhibit, his argument still does not yield the outcome he desires.

14

Plaintiff's professed inability to personally "find [any] record of a subpoena issued by the prosecutor" (Doc. #53, p. 1) does not prove that no such subpoena existed. Additionally, contrary to Plaintiff's suggestion, the SRMC Defendants were not required to produce a copy of any such subpoena, as they bore no obligation to provide evidence further substantiating an affidavit already presented in proper evidentiary form. Moreover, even were the prosecutor proven not to have issued a subpoena for the subject recording, that omission would not undermine Adams's claim to have produced a thumb drive of the subject recording in response to "a request" from the prosecutor's office (Doc. #50, Exh. A, Adams Affid., ββ 8-9). Adams's sworn statement is not inconsistent with the absence of a prosecutorial subpoena. Neither is his affidavit inconsistent with the notion that defense counsel may have issued a subpoena duplicative of a "request" the prosecutor's office made to SRMC.

Most importantly, regardless of any purported discrepancies that Plaintiff may claim can be extrapolated from Adams's affidavit, the burden of proof as to the spoliation issues lies not with the SRMC Defendants, but with Plaintiff. Quite simply, Plaintiff cannot prove that any SRMC representative, "with a culpable mind," "destroyed" existing evidence that might have been beneficial in proving his claims in this matter. Consequently, his Motion for Sanctions for Spoliation of Evidence must be denied.

**IT THEREFORE IS ORDERED THAT**:

1. Plaintiff James Ray Miller's Motion for Sanctions for Spoliation of Evidence (Doc. #49) is DENIED in its entirety;

2. Plaintiff's Motion for Leave to File Instanter [a] Combined Motion (Doc. #57) is GRANTED in limited part and conditionally, solely to permit Miller, within 30 days of the date of this Decision and Order, to file a renewed Motion for Leave to Amend Complaint that fully complies with the requirements of S.D. Ohio Civ. R. 7.3, includes a copy of the proposed amended complaint, and states good cause for Plaintiff's failure to seek leave to make the proposed amendments within the extended deadline for filing motions to amend the pleadings; and

3. Plaintiff's Motion for Leave to File Instanter [a] Combined Motion (Doc. #57) is DENIED in all remaining respects, including but not limited to the filing of a Motion to Strike the SRMC Defendants' Memorandum in Opposition to Plaintiff's Motion for Sanctions for Spoliation of Evidence and/or the filing of any other "enlarged response" to that opposing memorandum.

June 30, 2021                                      *s/Sharon L. Ovington*
                                                                      Sharon L. Ovington

United States Magistrate Judge