UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES RAY MILLER,

    Plaintiff,

vs.

THE CITY OF SPRINGFIELD
POLICE DIVISION, *et al.*,

    Defendants.

Case No. 3:19-cv-145

District Judge Michael J. Newman

---

**ORDER: (1) GRANTING PLAINTIFF'S UNOPPOSED MOTION *IN LIMINE* (Doc. No. 74); (2) EXCLUDING EVIDENCE OF PLAINTIFF'S PRIOR MISDEMEANOR CONVICTIONS; (3) GRANTING PLAINTIFF'S SECOND MOTION *IN LIMINE*; (Doc. No. 73); (4) EXCLUDING EVIDENCE OF THE PURPORTED MARIJUANA FOUND IN THE HOSPITAL BED; (5) GRANTING IN PART DEFENDANT'S MOTION *IN LIMINE* (Doc. No. 75); (6) EXCLUDING EVIDENCE OF OFFICER SCHWARZ'S STATEMENT TO PLAINTIFF WHILE TASING HIM; (7) EXCLUDING EVIDENCE OF PLAINTIFF'S DISMISSED CLAIMS AND THE DISMISSED PARTIES FROM THIS LAWSUIT; (8) DENYING AS MOOT DEFENDANT'S MOTION *IN LIMINE* AS TO THE STATEMENT FROM DR. BURNS TO PLAINTIFF AND EVIDENCE OF PLAINTIFF'S INJURIES; AND (9) CLARIFYING THAT THE PARTIES MAY RENEW THEIR OBJECTIONS AT TRIAL**

---

    This civil case is before the Court before trial, set to begin on November 29, 2022. Pending are three motions *in limine*: two from Plaintiff (Doc. Nos. 73, 74), and one from Defendant[1] (Doc. No. 75). Both parties have issued their respective responses. Doc. Nos. 85, 90. The Court heard oral argument from both sides at the final pretrial conference held on November 21, 2022. This matter is ripe for review.

---

[1] Only Defendant Springfield Police Division Officer Cody J. McFall remains as the sole defendant in this case, pursuant to this Court's order granting summary judgment as to all other named defendants. *See* Doc. No. 66.

**I.**

The Court presumes the reader's familiarity with the facts of this case, given the late stage in litigation, but it encourages any unfamiliar reader to consult the summary judgment order issued on September 2, 2021 for a full recitation of the underlying facts. *See* Doc. No. 66. Thus, the Court will only recite the facts necessary for addressing these motions.

Plaintiff sues Defendant for allegedly violating his constitutional rights by fabricating evidence: submitting a false police report and false probable cause affidavits about an encounter between Plaintiff and Officer Schwarz of the Springfield Police Division at a hospital, which resulted in him suffering injuries and receiving criminal charges that were later dismissed. *See id.* at PageID 715–17, 719–21. Namely, Plaintiff alleges that he did not provoke the police into wrestling him to the ground, and he claims that the police report and affidavits to the contrary are fabrications of evidence against him, which led to false criminal charges. *See id.* at PageID 720–21. Defendant—in his report and affidavits—portrayed Plaintiff as the aggressor, who the police only used force against because he defied their instructions. *See id.* Therefore, this entire case hinges upon whose account proves correct to the jury: Plaintiff's claim that Defendant lied, or Defendant's claim that he did not.

Now, both parties seek to exclude evidence. Plaintiff seeks to exclude any evidence related to either: (1) his prior misdemeanor convictions for disorderly conduct; or (2) a "baggie of green[,] vegetable-like substance," purportedly marijuana, found in his hospital bed where he stayed prior to the encounter with the police. Doc. Nos. 73, 74. Defendant promises that he will not introduce any evidence of Plaintiff's prior misdemeanor convictions, but opposes excluding the purported marijuana. Doc. No. 85 at PageID 915–16. Defendant argues that the evidence of the marijuana— as reported in hospital records documenting Plaintiff's stay—proves relevant in context. *Id.* In particular, Defendant intends to offer this evidence because Plaintiff has denied that he had

2

marijuana. *Id.* In turn, Defendant argues that this is relevant because it establishes: (1) that Plaintiff, who was in the hospital due to being intoxicated, was intoxicated from marijuana, diminishing his ability to accurately recall the events at the hospital; and (2) that Plaintiff, who will deny that he had marijuana that night, has a habit of claiming that entries in official reports are fabricated against him. *Id.* at PageID 916–17.

For his part, Defendant's motion seeks to exclude the following:

- Testimony from Officer Schwarz stating that he overheard Dr. Ashli Burns, who treated Plaintiff, tell Plaintiff that he could leave the hospital if he found a ride. Defendant contends that this is hearsay and irrelevant to the fabrication of evidence claim;

- Evidence of any alleged excessive force or aggressive behavior from the Springfield Police as irrelevant because Plaintiff only sues Defendant, an individual officer who is not alleged to have used excessive force;

- Evidence of physical injuries that Plaintiff received from the encounter as irrelevant and highly prejudicial;

- Evidence that Officer Schwarz said, "Hurts, don't it?" after tasing Plaintiff, as irrelevant and highly prejudicial;

- Evidence of why the criminal charges brought against Plaintiff were ultimately dismissed, as it would be hearsay absent testimony from an individual who is responsible for dismissing those charges; and

- Evidence that Plaintiff's lawsuits against other Springfield Police officers were dismissed for failure to perfect service, as irrelevant.

Doc. No. 75 at PageID 828–29.

The Court held a final pretrial conference on November 21, 2022, and heard oral argument from counsel on both sides at the conference. Defendant withdrew two portions of his motion *in*

*limine*: his challenges of (1) the evidence of the statement from Dr. Burns to Plaintiff; and (2) evidence of Plaintiff's physical injuries.

## II.

The Court may admit evidence as "relevant" if: (1) "it has any tendency to make a fact more or less probable than it would be without the evidence"; and (2) "the fact is of consequence in determining the action." Fed. R. Evid. 401. "The standard for relevancy is extremely liberal under the Federal Rules of Evidence." *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009) (quotation and internal quotation marks omitted). "Even if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington*, 455 F.3d 736, 738–39 (6th Cir. 2006) (cleaned up) (quoting *DXS, Inc. v. Siemens Med. Sys., Inc.*, 100 F.3d 462, 475 (6th Cir. 1996)). Relevant evidence, however, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, misleading the jury, confusing the issues, undue delay, wasting time, or unnecessarily presenting cumulative evidence. Fed. R. Evid. 403; *see also, e.g.*, *United States v. Hazelwood*, 979 F.3d 398, 412 (6th Cir. 2020) (defining "unfair prejudice" as "the 'undue tendency to suggest a decision based on improper considerations'" (quoting *United States v. Asher*, 910 F.3d 854, 861 (6th Cir. 2018))).

Hearsay evidence—which is generally inadmissible—is any "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Back v. Nestlé USA Inc.*, 694 F.3d 571, 577 n.1 (6th Cir. 2012) (quoting *United States v. Rodriguez-Lopez*, 565 F.3d 312, 314 (6th Cir. 2009)). "The hearsay rule applies to most out-of-court statements, but with several exceptions." *United States v. Reynolds*, 684 F. App'x 510, 514 (6th Cir. 2017) (citing Fed. R. Evid. 803); *see also United States v. Roberts*, 579 F. Supp. 3d 992, 996 (S.D. Ohio 2022).

### III.

Plaintiff's first motion, seeking to exclude the prior misdemeanor convictions, is unopposed. *See* Doc. No. 85 at PageID 915–16. Moreover, because these are misdemeanor convictions—for disorderly conduct, a crime with no bearing on Plaintiff's veracity—this is a separate, independent reason for exclusion. *See* Fed. R. Evid. 609(a). Accordingly, this evidence is excluded, and Plaintiff's motion *in limine* is granted.

Additionally, Defendant, during the final pretrial conference, withdrew his challenges of introducing Dr. Burns's statement and Plaintiff's physical injuries. Since these are withdrawn, his challenges are moot. Thus, his motion is denied as moot to that extent, and this evidence will be admissible at trial.

Although Plaintiff's credibility is at issue, the marijuana is inadmissible. Giving Defendant blanket permission to inquire about whether Plaintiff uses marijuana generally would offer minimal probative value to credibility compared to its prejudicial effect. *Cf. Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 817 (11th Cir. 2017) ("A witness's use of drugs may not be used to attack his or her general credibility, but only his or her ability to perceive the underlying events and testify lucidly at the trial" (quoting *Jarrett v. United States*, 822 F.2d 1438, 1446 (7th Cir. 1987))). Moreover, Defendant has not identified any proof that suggests Plaintiff was intoxicated during the encounter with Officer Schwarz. This makes this evidence's probative value even slighter, compared to its "inflammatory potential" that the jury would impermissibly judge Plaintiff on improper grounds. *Asher*, 910 F.3d at 862 (quoting *United States v. Mandoka*, 869 F.3d 448, 459 (6th Cir. 2017)).

Likewise, using the marijuana to prove that Plaintiff habitually alleges that authorities conspire against him runs afoul of several evidentiary rules. Using it to prove that Plaintiff "acted in accordance with" a propensity to claim that officials lie in reports, in a civil case, is

5

impermissible. Fed. R. Evid. 404(a)(1); *see State Farm Mut. Auto Ins. Co. v. Accident Victims Home Health Care Servs., Inc.*, 467 F. App'x 368, 371–73 (6th Cir. 2012) (reversing admission of evidence that provider's president fraudulently altered daily observation reports to prove that he could commit fraud in the future). Nor does it satisfy the exacting threshold for admissibility as habit evidence, as Defendant "fails 'to allege adequately a frequency of specific conduct sufficient to be considered semiautomatic'" here. *Bell v. Consol. R. Corp.*, 299 F. Supp. 2d 795, 800 (N.D. Ohio 2004) (quoting *Simplex, Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1294 (7th Cir. 1988)). Finally, it cannot be used to attack Plaintiff's credibility, either as extrinsic evidence or on cross-examination under Fed. R. Evid. 608, considering its minimal probative value. *Cf. United States v. Mateos-Sanchez*, 864 F.2d 236–37 (1st Cir. 1988) (recognizing that a district judge was within her discretion to allow cross-examination about the defendant's possession of marijuana in a drug possession case but cautioned that "[t]o protect against abuse, specific instances of conduct must be clearly probative of truthfulness"). Accordingly, evidence of the marijuana is inadmissible.

Two of Defendant's remaining objections merit denial. Use of force from police officers other than Defendant—along with evidence of Plaintiff's injuries—is probative because it would provide a greater motive to falsify the police records at issue. *See, e.g.*, *Ayers v. City of Cleveland*, 773 F.3d 161, 169 (6th Cir. 2014) (noting that DNA evidence could be used to rebut contention of defendant's guilt in wrongful conviction case because it "increase[ed] the likelihood" that the police made false reports). Moreover, evidence of why the criminal charges were dropped has not been definitively shown to be hearsay because it is too early to determine whether Plaintiff intends to offer this evidence for a non-hearsay purpose. *See, e.g.*, *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 379 (6th Cir. 2009) ("A statement that is not offered to prove the truth of the matter

6

asserted but to show its effect on the listener is not hearsay" (citing *United States v. Horton*, 847 F.2d 313, 324 (6th Cir. 1988))). The best course of action is to reevaluate this objection at trial, depending on the context in which it is raised.

Defendant is, however, entitled to exclusion before trial on two grounds. First, evidence that Officer Schwarz stated, "Hurts, don't it?" when tasing Plaintiff is excluded. While Plaintiff argues that this makes it more probable that he was not the aggressor, that appears speculative, and, in any event, its probative value is substantially outweighed by the danger that it would "inflame the passions of the jury." *Sutkiewicz v. Monroe Cnty. Sheriff*, 110 F.3d 352, 360 (6th Cir. 1997) (citations omitted). Second, turning to evidence that Plaintiff's claims against other officers in the Springfield Police Division were dismissed for lack of proper service, courts commonly exclude evidence of dismissed claims and parties from trial. *See Slappy v. City of Detroit*, No. 19-10171, 2021 WL 2986284, at *2 (E.D. Mich. July 15, 2021) (collecting cases); *Heriges v. Wilson Cnty.*, No. 3:09-cv-0362, 2010 WL 4116719, at *11 n.7 (M.D. Tenn. Oct. 19, 2010). Exclusion here would prevent the jury from confusing the issues, which are not probative of Defendant's liability. *See, e.g.*, *Slappy*, 2021 WL 2986284, at *2; *see also, e.g.*, *L'Etoile v. New Eng. Finish Sys., Inc.*, 575 F. Supp. 2d 331, 339–40 (D. N.H. 2008).

Thus, to summarize:

| **Permissible Evidence** | **Excluded Evidence** |
|---|---|
| • Evidence of why the criminal charges against Plaintiff were dropped | • Evidence of Plaintiff's misdemeanor convictions |
| • Testimony from Officer Schwarz that he overheard Dr. Burns tell Plaintiff that he could leave the hospital | • Evidence that Officer Schwarz said, "Hurts, don't it?" while tasing Plaintiff |
| • Evidence that police officers used force on Plaintiff | • Evidence of Plaintiff's dismissed claims/the dismissed parties from the present lawsuit |
| • Evidence that Plaintiff incurred physical injuries from the police | • Evidence that the hospital record noted that Plaintiff had a bag of what appeared to be marijuana on his person |

7

The parties may renew their objections to the evidence admitted at trial. The Court will consider those objections anew, dependent on the context in which they arose.

IV.

For the reasons stated, the Court: (1) **GRANTS** Plaintiff's unopposed motion *in limine* (Doc. No. 74); (2) **EXCLUDES** evidence of his prior misdemeanor convictions; (3) **GRANTS** Plaintiff's second motion *in limine* (Doc. No. 73); (4) **EXCLUDES** evidence of the purported marijuana found in the hospital bed; (5) **GRANTS IN PART** Defendant's motion *in limine* (Doc. No. 75); (6) **EXCLUDES** evidence of Officer Schwarz's statement that he made to Plaintiff while tasing him; (7) **EXCLUDES** evidence of Plaintiff's dismissed claims and the dismissed parties from this lawsuit; (8) **DENIES AS MOOT** Defendant's motion *in limine* as to the statement from Dr. Burns to Plaintiff and evidence of Plaintiff's injuries; and (9) **CLARIFIES** that the parties may renew their evidentiary objections at trial.

**IT IS SO ORDERED.**

Date:  November 29, 2022                                 s/Michael J. Newman
                                                          Hon. Michael J. Newman
                                                          United States District Judge